**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

ROBERT STORM,

Debtor.

CASE NO. 23-55028-LRC

Chapter 7

### NOTICE OF MOTION TO APPROVE COMPROMISE AGREEMENT, DEADLINE TO OBJECT, AND HEARING

Debtor / Defendant Robert Storm has filed a *Motion to Approve Compromise Agreement* (the "Motion") on December 1, 2025. Pursuant to Fifth Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 1340, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, and serve a copy on the movant's attorney, Michael D. Robl, Robl & Bowen, LLC, 3754 Lavista Road, Suite 250, Tucker, Georgia 30084, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for **January 8, 2025** at **9:45 AM**, which will be held in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one inf this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

This 1st day of December, 2025.

ROBL & BOWEN, LLC

*/s/ Maxwell W. Bowen*

1

Michael D. Robl
Georgia Bar No. 610905
Maxwell W. Bowen
Georgia Bar No. 719784

3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com
max@roblgroup.com
*Counsel for Debtor / Defendant*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

ROBERT STORM,

        Debtor.

CASE NO. 23-55028-LRC

Chapter 7

## MOTION TO APPROVE COMPROMISE AGREEMENT

Debtor Robert Storm ("Mr. Storm"), by and through his undersigned counsel, submits this *Motion to Approve Compromise Agreement* (the "Motion") between Mr. Storm and Mr. John Douglas Wyatt ("Mr. J. Wyatt"), Mr. Douglas Lee Wyatt ("Mr. D. Wyatt"), and Oconee Players Club, LLC ("OPC," together with Mr. J. Wyatt and Mr. D. Wyatt, the "Wyatt Parties"), respectfully showing the Court as follows:

### JURISDICTION AND BASIS FOR RELIEF

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. The subject matter of this Motion constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (I), (J) & (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND FACTS

#### Pre-Petition

4. Mr. Storm is the owner and manager of BinaNat Capital, LLC ("BinaNat").

5. BinaNat was a hard money lender for real estate loans to third parties.

6. Each hard money loan was secured by real property.

1

7.      The funds for these hard money loans were, primarily, made by investors such as the Wyatt Parties.

8.      As part of the investments in BinaNat, Mr. Storm, BinaNat, and the investors, such as the Wyatt Parties, signed a *Servicing Agreement*.

9.      The *Servicing Agreement* appointed BinaNat as servicer for the loan funded by the investments and obligated BinaNat to make monthly payments to the investors.

10.     Mr. Storm served as a guarantor under each *Servicing Agreement*, and he guaranteed both the financial obligations of BinaNat and the actual performance of BinaNat under the *Servicing Agreement*.

11.     In total, the Wyatt Parties invested $3,157,800, documented by written servicing agreements executed by Mr. Storm, the Wyatt Parties, and BinaNat.

## Mr. Storm's Bankruptcy

12.     On May 31, 2023, Mr. Storm was placed into the above-captioned involuntary chapter 7 bankruptcy in this Court by the Wyatt Parties,

13.     On July 14, 2023, this Court entered an *Order for Relief in Involuntary Case*.

14.     On December 28, 2023, the Wyatt Parties brought an adversary proceeding against Mr. Storm, Adv. Proc. Case No. 23-05221, seeking to deny the dischargeability of Mr. Storm' debts pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

15.     Mr. Storm sought to dismiss all of the Wyatt Parties' claims brought under section 523.

16.     The Court determined that, as pled, that the Wyatt Parties' had failed to properly plead their complaint pursuant to Federal Rule of Civil Procedure 10, and the Court gave the Wyatt Parties time to amend their complaint appropriately.

17.    Mr. Storm and the Wyatt Parties have engaged in extensive settlement discussions regarding the claims asserted by the Wyatt Parties and have reached a settlement of the Wyatt Parties' claims.

### SETTLEMENT TERMS

18.    The settlement for which Court approval is sought in this Motion involves the following essential terms:[1]

> a.  Mr. Storm shall give the Wyatt Parties a nondischargeable consent judgment in the principal amount of $3,157,800 (the "Consent Judgment"), which is attached to the *Settlement Agreement*;

> b.  The Consent Judgment shall only be collectible up to $2,362,107.50 as to Mr. J. Wyatt's claim of $2,778,950, up to $85,000 as to Mr. D. Wyatt's claim of $100,000, and up to $237,022.50 as to OPC's claim of $278,850 ***unless*** Mr. Storm's discharge is denied, in which case the Wyatt Parties shall be entitled to collect the full amount of their claims;

> c.  Mr. Storm agrees not to contest the domestication of the Consent Judgment;

> d.  Mr. Storm retains the right to assert any exemptions available to him under relevant law, including tenancy by the entireties, as to the Consent Judgment;

> e.  The Wyatt Parties agrees that they will not take collection action on the Consent Judgment for eighteen (18) months from the earlier of:

>> i.  Mr. Storm receiving a discharge in his above-captioned bankruptcy case; or

>> ii.  Mr. Storm's bankruptcy case being dismissed;

---

[1] Capitalized terms not otherwise defined in this Motion shall have the meanings given to them in the *Settlement Agreement* attached to this Motion.

f.  At the conclusion of this 18-month period, the Wyatt Parties are not restricted from taking collection actions;

g.  In the event another judgment is able to be collected before the described 18-month period expires, or Mr. Storm is denied an overall discharge in this bankruptcy case, the Wyatt Parties shall be entitled to immediately take any collection actions, subject to the other terms of the settlement agreement;

h.  The Wyatt Parties shall be responsible for determining when another judgment is rendered against Mr. Storm; and

i.  The Wyatt Parties agree that they will not take collection efforts as to Mr. Storm's 2022 Chevrolet Silverado, which was previously abandoned by Mr. Storm's chapter 7 bankruptcy trustee.

19.    The *Settlement Agreement* (the "Agreement") is attached hereto as **Exhibit "1,"** the provisions of which are incorporated herein by reference as if set out fully in this Motion. To the extent the foregoing description of the terms of the Agreement, or any portion of this Motion, makes any statements contrary to, or omits portions of, any provisions in the Agreement, the actual terms of the Agreement shall be binding on Mr. Storm and the Wyatt Parties and shall control over any abbreviated, omitted, misstated, or other representations in this Motion. All creditors and other parties in interest are directed to the accompanying Agreement filed with this Motion.

20.    Mr. Storm believes that the compromise and settlement, as described in brief form above and more fully set forth in the accompanying Agreement, is in the best interest of Mr. Storm and Mr. Storm's creditors for the following reasons.

## ARGUMENT AND CITATION OF AUTHORITIES

Mr. Storm and the Wyatt Parties have evaluated the strengths and weaknesses of their

respective claims, and of their defenses or responses to one another's claims, and more particularly their ability to prosecute claims and to defend claims by and against one another, and the associated delays and expense of such legal proceedings, based on the particular facts at hand. Based on their evaluation of those facts, claims, defenses, and practical circumstances, Mr. Storm and the Wyatt Parties seek to settle and resolve in full all disputes and claims at issue in order to avoid the expenses and uncertainty of outcomes associated with litigating such claims and collecting on any related judgments, and the inherent delays that such litigation would cause, and to receive certain monetary consideration, without admitting liability or damages.

I.    **The Settlement and Compromise should be Approved under Rule 9019.**

    A.    **Legal standard for evaluating approval of the compromise agreement.**

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may approve a compromise and settlement after notice and hearing. The approval or rejection of a compromise and settlement is left to the sound discretion of the Bankruptcy Court and is governed by the particular circumstances of each case. *In re Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D. Ga. 1981). In exercising its discretion, a Bankruptcy Court should give due regard to what is equitable under particular circumstances and under applicable law. Furthermore, in evaluating any settlement, the court must consider that the "law favors compromise." *Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).

Courts have relied on a number of factors in determining whether to approve a compromise and settlement under Federal Rule of Bankruptcy Procedure 9019. These factors, as set forth by the Eleventh Circuit Court of Appeals, include the following: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily

attending it; and (d) the paramount interests of the creditors and the proper deference to their reasonable views. *In re Justice Oaks, II, Ltd.*, 898 F.2d. 1544 (11th Cir. 1990). Those four factors are sometimes referred to as the "Justice Oaks factors."

The Court should not rubber stamp a debtor's settlement proposal or a trustee's settlement proposal. "However, the court should not conduct a 'mini-trial' on the merits of the underlying litigation either*." In re Greenberg*, 2005 WL 6746610, at *3 (Bankr. S.D. Ga. Apr. 5, 2005) (citing *In re Mattive,* 1995 WL 17005058, at *2 (Bankr. S.D. Ga. April 26, 1995) (*citing Nellis v. Shugrue,* 165 B.R. 115, 122 (S.D.N.Y. 1994)).

Rather, when considering the *Justice Oaks* factors, a bankruptcy court is to inquire into whether the proposed settlement "falls below the lowest point of the range of reasonableness." *In re Greenberg*, 2005 WL 6746610, at *3 (Bankr. S.D. Ga. Apr. 5, 2005) (quoting *Cames v. Joiner (In re Joiner))*, 319 B.R. 903, 907 (Bankr. M.D. Ga. 2004) (Walker, J.) (*citing In re Drexel Burnham Lambert Group, Inc.,* 138 B.R. 723, 758 (Bankr. S.D.N.Y. 1992)).

Mr. Storm submits that the settlement proposed herein falls within the "range of reasonableness" based on the *Justice Oaks* factors for the following reasons.

**B.      Application of the "Justice Oaks factors" to the Facts at Hand Supports Approval of the Proposed Settlement.**

The Settlement Agreement should be approved under the above-stated standards, for the following reasons:

**i.      *The probability of success in the litigation.***

The first *Justice Oaks* factor to consider is the probability of success in the litigation being resolved. Mr. Storm is a defendant in the Adversary Proceeding, which is only one of the claims resolved by the settlement.

Mr. Storm submits that he should prevail in the Adversary Proceeding, as the Wyatt Parties'

6

section 523(a) claims would fail after amendment to their complaint because the Wyatt Parties would not be able to make the requisite factual showings to support their claims through discovery.

On the other hand, the Wyatt Parties would amend their complaint and contend that Mr. Storm defrauded him over the course of several transactions and knowingly and intentionally concealed his fraud from them. The Wyatt Parties would likely point to the numerous other adversary proceedings against Mr. Storm making similar claims and seek in discovery to develop evidence that would more strongly support their claims.

At this early stage of the litigation, it is difficult to determine the final outcome of the litigation. While Mr. Storm believes he will prevail in this adversary proceeding if it is not resolved through settlement, the settlement saves both Mr. Storm and the Wyatt Parties tens of thousands of dollars in attorneys' fees they could otherwise avoid incurring and provides the parties with certainty as opposed to an uncertain outcome.

ii.    ***The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it.***

The next *Justice Oaks* factor to consider is how complex the litigation being resolved is, and the related expenses and delays from that litigation. If litigated, the disputes between Mr. Storm and the Wyatt Parties would be time-consuming and expensive.

The adversary proceeding is still in its early stages. Discovery still needs to be taken, and Mr. Storm anticipates extensive discovery from the Wyatt Parties. There would still be significant time before this matter resolved, including completing discovery, likely motions for summary judgment, and a trial. By resolving this adversary proceeding at this early stage, the parties avoid incurring such expense.

iii.    ***The paramount interest of the creditors and a proper deference to their reasonable views.***

7

The next *Justice Oaks* factor to consider is whether creditors benefit from the settlement. Obviously, the Wyatt Parties benefits from this settlement. Given the large number of creditors still involved in Mr. Storm's bankruptcy, including the numerous adversary proceedings filed, Mr. Storm submits that this factor is neutral in analyzing whether a settlement with the Wyatt Parties is appropriate.

### iv.  *The difficulties, if any, to be encountered in the matter of collection.*

The next *Justice Oaks* factor to consider is whether the debtor would have difficulty collecting if it prevailed in an action being compromised. This typically arises when a debtor or trustee pursues a preferential transfer claim, fraudulent transfer claim, action to recover post-petition transfer, or similar matter.

In this instance, Mr. Storm is the defendant in the above-captioned adversary proceeding. Because Mr. Storm is not pursuing an affirmative claim in this adversary proceeding, this factor is not at issue in the way that it would be if Mr. Storm were compromising an adversary proceeding, such as for recovery of a preferential payment. For that reason, Mr. Storm submits that this factor is neutral in evaluating approval of settlement.

### C.  **Practical and logistical considerations support settlement and compromise.**

There are substantial, practical and logistical consideration that support settlement and compromise. If the proposed settlement and compromise is not approved, the litigation between Mr. Storm and the Wyatt Parties would continue in this adversary proceeding. As explained, because this case is in its early stages, there would be a significant amount of time before a final resolution of this case. In turn, that would delay the conclusion of Mr. Storm's bankruptcy case as a whole.

Additionally, by reducing Mr. Storm's commitments through resolving this adversary

proceeding, Mr. Storm is able to focus on his remaining adversary proceedings. In the event deadlines for discovery would overlap, delays could occur in those other cases as Mr. Storm attempts to handle them. Accordingly, by resolving this adversary proceeding, Mr. Storm's attention can be focused on his remaining adversary proceedings.

II.    **No admission of liability or damages if settlement and compromise is not approved.**

As stated in the Settlement Agreement, the parties are not admitting any liability by settling their disputes. Rather, the settlement is a negotiated resolution of business disputes that is in the best interest of all due to costs, delays, and uncertainties attendant to continued litigation.

The submission of this Motion and the representations made in this Motion are not admissions of any fault, liability, wrongful acts or omissions by Mr. Storm or the Wyatt Parties.

Similarly, the submission of this Motion and the representations made in this Motion are not admissions that any damages are owed by Mr. Storm, or that any specific amount of damages are owed by Mr. Storm or any affiliated individual or entity.

This Motion is made in a good faith effort to compromise disputed claims and for the parties to buy peace without further expense, time, and difficulties.

In the event that this Motion is not approved by the Court, nothing contained herein shall be deemed an admission or statement contrary to Mr. Storm's interests, or the Wyatt Parties' interests, in any future legal proceeding.

WHEREFORE, Mr. Storm respectfully requests that this Court enter an Order:

(i)    Granting this Motion;

(ii)    Approving the compromise reflected in the Agreement, authorizing Mr. Storm to execute and perform the terms of the compromise, including signing the Agreement, and effectuating the various items thereunder; and

(iii)    Providing such other and further relief as the Court deems proper and just.

This 1st day of December, 2025.

Respectfully submitted,

ROBL & BOWEN, LLC

/s/ Maxwell W. Bowen
Michael D. Robl
Georgia Bar No. 610905
Maxwell W. Bowen
Georgia Bar No. 719784

3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com
max@roblgroup.com
Counsel for Debtor / Defendant

10

# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and between Robert Storm ("Mr. Storm"), on the one hand, and John Douglas Wyatt, Douglas Lee Wyatt, and Oconee Players Club, LLC (the "Wyatt Parties"), on the other hand (each a "Party" and collectively the "Parties" hereto).

**WHEREAS**, Mr. Storm is in a currently pending involuntary bankruptcy case filed against him on May 31, 2023 in the Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"), Case No. 23-55028 (the "Bankruptcy");

**WHEREAS,** prior to the Bankruptcy, Mr. Storm and the Wyatt Parties entered into certain *Servicing Agreements* (the "Servicing Agreements") with BinaNat Capital, LLC ("BinaNat"), an entity owned and controlled by Mr. Storm and whose obligations under the Servicing Agreements Mr. Storm guaranteed;

**WHEREAS**, the Wyatt Parties invested the total principal amount of $3,157,800, $2,778,950 by John Douglas Wyatt, $100,000 by Douglas Lee Wyatt and $278,850 by Oconee Players Club, LLC, with BinaNat pursuant to the Servicing Agreements;

**WHEREAS**, in the Servicing Agreements, Mr. Storm guaranteed the repayment of amounts invested in BinaNat;

**WHEREAS**, the Wyatt Parties instituted an adversary proceeding against Mr. Storm in the Bankruptcy Court, Case No. 23-05221-LRC (the "Adversary Proceeding"), bringing claims objecting to the discharge of Mr. Storm's debt owed to the Wyatt Parties under the Servicing Agreement pursuant to 11 U.S.C. § 523, and others;

**WHEREAS**, the Wyatt Parties' claims were conditionally dismissed in an order entered by the Bankruptcy Court on August 22, 2024 in the Adversary Proceeding ("AP Order") and the AP Order provided for the Wyatt Parties' amendment of the Complaint filed in the Adversary Proceeding to cure those issues raised by the Bankruptcy Court in the AP Order related to the conditionally dismissed claims;

**WHEREAS**, Mr. Storm and the Wyatt Parties have agreed to resolve all claims the Wyatt Parties have against Mr. Storm, including, but not limited to, those claims brought in the Adversary Proceeding and any and all other claims related to the Servicing Agreements entered into between Mr. Storm and the Wyatt Parties;

**WHEREAS**, the Parties, without admitting or determining any liability, fault, wrongdoing, or responsibility whatsoever for any of the potential claims or damages related to the foregoing claims, and to avoid the uncertainties, time, and expense inherent in and associated with further litigation, desire to enter into a settlement agreement resolving all claims asserted in or related to the foregoing or otherwise as between Mr. Storm and the Wyatt Parties; and

**WHEREAS**, the prior negotiations between the Parties are encompassed within this Agreement and represent the agreement reached between the Parties to resolve the issues between them;

**NOW THEREFORE**, for good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged by each Party, the Parties agree as follows:

**Section 1.** **Recitals.** The aforementioned recitals constitute material terms of this Settlement Agreement and are expressly incorporated herein.

**Section 2.** **Effective Date.** The "Effective Date" of this Agreement shall be the date upon which the last of the Parties executes this Agreement.

**Section 3.** **Bankruptcy Court Approval Required**. Within five (5) business days of delivery of an executed copy of this Agreement by the Parties, Mr. Storm shall seek approval of the Bankruptcy Court for this Agreement. In the event the Bankruptcy Court denies approval of this Agreement, this Agreement shall be null and void and of no further force or effect.

**Section 4.** **Nondischargeable Consent Judgment.** Mr. Storm agrees to enter into a consent judgment with the Wyatt Parties (the "Consent Judgment") in the form attached hereto as Exhibit "A" which provides that the judgment is for the recovery of money and that said amounts set forth therein are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6) and, consequently, shall not be discharged under any discharge order entered pursuant to 11 U.S.C. § 727.

**Section 5.** **Withdrawal of Motion to Dismiss and Vacating of the AP Order**. Within five (5) business days of the full execution of this Agreement by the Parties, Mr. Storm shall file a notice of withdrawal of his pending motion to dismiss. Mr. Storm shall be responsible for the preparation and filing of the same. Additionally, within five (5) business days of the full execution of this Agreement by the Parties, the Parties shall file in the Adversary Proceeding a joint motion to vacate the AP Order. The Wyatt Parties shall be responsible for the preparation, filing and receipt of approval of counsel for Mr. Storm of the same along with a proposed consent order to be entered after an order approving this Agreement is entered in Mr. Storm's Bankruptcy and prior to the entry of the Consent Judgment in the Adversary Proceeding.

**Section 6.** **Collection in Event of Denial of Discharge**. In the event Mr. Storm's discharge is denied, the Wyatt Parties shall immediately be able to collect on the Consent Judgment. Additionally, in the event Mr. Storm's discharge is denied, the Consent Judgment shall be collectible in the total amount of $3,157,800.

**Section 7.** **Collection Activities on Consent Judgment**. Mr. Storm further agrees not to contest the registration of the Consent Judgment in any district or the domestication of the Consent Judgment, regardless of whether such domestication occurs in Florida or any other jurisdiction. Mr. Storm additionally agrees that he will not contest the issuance or recordation of writs of *fieri facias* in such jurisdictions, including Georgia, Florida, and any other jurisdiction. Mr. Storm affirmatively agrees to acknowledge service of any and all pleadings associated with the registration, domestication, and/or issuance of any writ of *fieri facias* upon presentation to him

- 2 -

of any such court filing by email at the email address of rob@binanat.com. The aforedescribed actions in Section 7 shall not be deemed collection activity violative of this Agreement and may be commenced as soon as practicable after the entry of the Consent Judgment.

**Notwithstanding the foregoing**, Mr. Storm specifically retains the right to assert any exemptions available to him under relevant law—including tenancy by the entireties—as to the Consent Judgment. Nothing in this Agreement shall be taken as a waiver of Mr. Storm's ability to apply such exemptions in any jurisdiction where collection actions, whether through the issuance and recording of writs of *fieri facias* or other collection action. Any term in this Agreement otherwise in conflict with this provision shall be inapplicable to Mr. Storm.

**Section 8.**    **Forbearance on Collection**. The Wyatt Parties agree that they will not take collection action on the Consent Judgment for 18 months from the earlier of:

    i.  Mr. Storm receiving a discharge in the Bankruptcy; or

    ii. The Bankruptcy being dismissed.

**Notwithstanding the foregoing**, should a creditor holding a judgment entered against Mr. Storm, either before or after the date of the filing of the Bankruptcy, commence collection activity against Mr. Storm, the Wyatt Parties can immediately take any and all collection actions, subject to the other terms of this Agreement.

**Section 9.**    **Superior Court Litigation.**  The Parties acknowledge that there is currently pending in the Superior Court of Fulton County that certain litigation *Wyatt et al. v. Storm et al.*, Superior Court of Fulton County, Georgia, 2023CV377407 ("FSC Litigation").

    A.  Contemporaneously with the full execution of this Agreement, Mr. Storm shall execute a consent judgment on behalf of Sindre, LLC and Arinat Holdings, LLC in the form attached hereto as Exhibit "B" ("FSC Consent Judgment").

    B.  Upon the Bankruptcy Court's entry of an order approving this Agreement, the Parties shall, within five (5) business days, jointly request that the administrative closure of the FSC Litigation be lifted for the purpose of filing the documents detailed in subsections C and D hereinbelow.

    C.  Within five (5) business days of the entry of an order in the FSC Litigation lifting the administrative closure, the Wyatt Parties shall file a notice of dismissal without prejudice ("NOD") of its claims against Mr. Storm in the form attached hereto as Exhibit "B."

    D.  Simultaneously with the filing of the NOD, the Wyatt Parties shall file the FSC Consent Judgment.

    E.  The Wyatt Parties shall not, subsequent to the filing of the NOD, move to add Mr. Storm to the FSC Litigation or initiate a new lawsuit against Mr. Storm on the same facts and claims set forth in the FSC Litigation.

F.  The Wyatt Parties shall not serve Mr. Storm, either individually or in any representative capacity, with any post-judgment discovery in the FSC Litigation prior to the periods set forth hereinabove in Sections 8 for the commencement of collection activity.

**Section 10.    <u>Notice of Other Judgments</u>.**

A.      Mr. Storm shall be responsible for providing the Wyatt Parties with notice of certain events in order to facilitate the Wyatt Parties' determination of when immediate collection activity may commence.  Those events for which notice is required by Mr. Storm are as follows:

      i.   Service of a complaint of any nature;

      ii.   Service of the entry of any judgment in any matter not set forth hereinbelow in subsections B and C.

The notice contemplated hereinabove shall be made within two (2) business days of Mr. Storm's receipt and/or knowledge of the same and said notice shall be sent via email to rarmstrong@armstrongnix.com.

B.      The following constitutes Mr. Storm's notice of adversary proceeding filed in Mr. Storm's bankruptcy:

      iii.   *Bahnsen et al. v. Storm*, 23-05222-LRC;

      iv.   *Barrett v. Storm,* 23-05167-LRC;

      v.   *Bodin et al. v. Storm*, 23-05225-LRC;

      vi.   *Cooper v. Storm*, 23-05173-LRC;

         1.   Judgment was entered in favor of Mr. Storm on March 27, 2024

      vii.   *Glean Meadow Holdings, LLC v. Storm*, 23-05166-LRC;

      viii.   *Lafer Family Investments, LLC et al. v. Storm*, 24-05011-LRC;

      ix.   *Mashala Investments, LLC v. Storm*, 23-05175-LRC;

      x.   *Schauben v. Storm*, 23-05174-LRC;

         1.   Judgment was entered in favor of Mr. Storm on March 27, 2024

      xi.   *Wyatt et al. v. Storm*, 23-05221-LRC;

      xii.   *Puskarich et al. v. Storm*, 23-05226-LRC;

C.  The following constitutes Mr. Storm's notice of pre-petition lawsuits against Mr. Storm, which are currently stayed by the Bankruptcy:

xiii.  *Carberry v. Sapient Blackboard LLC, et al.*, Superior Court of Fulton County, Georgia, Case No. 2022CV371685;

1.  During the pendency of this case, Mr. Storm was added and then dropped as a defendant. This case was voluntarily dismissed without prejudice in May 2024;

xiv.  *Glen Meadow Holdings, LLC v. Storm et al.*, Seventh Judicial Circuit in St. Johns County, Florida, Case No. 2023043541;

xv.  *Orina v. Storm et al.*, Superior Court of Fulton County, Georgia, Case No. 2022CV373315;

xvi.  *Sanders v. Storm et al.*, Superior Court of Fulton County, Georgia, Case No. 2023CV378117;

xvii.  *Svensson v. Storm et al.*, Fourth Judicial Circuit in Duval County, Florida, 2022-CA-006793;

xviii.  *Wyatt et al. v. Storm et al.*, Superior Court of Fulton County, Georgia, 2023CV377407;

xix.  *Mashala Investments, LLC v. Storm et al.*, Superior Court of Fulton County, Georgia, 2022CV363021.

Mr. Storm is not currently aware of any other currently pending cases against him, but does not warrant or represent that there are not other cases pending of which he is unaware.

**Section 11.    Asset Not Subject to Collection Efforts.**  The Wyatt Parties agree that the Wyatt Parties will not take collection efforts as to Mr. Storm's 2022 Chevrolet Silverado, which was included in Mr. Storm's bankruptcy schedules and was subsequently abandoned by the Chapter 7 Trustee.  The Wyatt Parties are not waiving any rights the Wyatt Parties may have to collect against any other of Mr. Storm's assets.

**Section 12.    Application of Restitution to Consent Judgment.** In the event that any restitution is ordered or required to be paid by Mr. Storm, such restitution paid shall count towards the payment of the Consent Judgment outlined in this Agreement.

**Section 13.    Application of Distributions through Bankruptcy**. Nothing in this Agreement shall be construed as limiting the Wyatt Parties' right to receive distributions from Mr. Storm's bankruptcy estate. In the event that the Wyatt Parties receive any distributions from Mr. Storm's bankruptcy estate, such distributions shall be credited against the balance of the Consent Judgment.

**Section 14.**    **Default.**    In the event that any of the Parties fail to comply with the provisions of this Agreement, such Party shall be in default. The non-defaulting party shall provide the defaulting party with a notice of default as provided in the Notices section below. Thereafter, the non-defaulting party shall have five (5) business days from the day of notice of default, in which to cure said default. Should such default not be curable, then the non-defaulting Party shall be permitted to enforce this Agreement under applicable law and is permitted, but not required, to seek a restraining order, injunction, damages, or other relief necessary to enforce this Agreement.

**Section 15.**    **Notices.**   Any notice, demand, or other communication of any kind contemplated, permitted or required to be given under or pursuant to this Agreement by one party to the other may be considered personally delivered if sent by a reputable overnight courier service, or by e-mail with a confirmation copy sent by first class United States mail, postage prepaid, to, or such other contact address as the Parties may designate from time to time in writing:

For the Wyatt Parties:

Rosemary S. Armstrong, Esq.
Armstrong Nix, P.C.
1050 Crown Pointe Pkwy, Ste. 500
Atlanta, Georgia 30338
rarmstrong@armstrongnix.com

For Mr. Storm

Michael D. Robl, Esq.
Robl & Bowen, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
michael@roblgroup.com

Robert Storm
94 Rosehill Court
St. Augustine, Florida 32092

**Section 16.**    **Releases.**

(a)    In consideration of the foregoing, the Wyatt Parties, on behalf of themselves, as well as for their agents, predecessors, successors, attorneys and assigns, forever release, remise and discharge Mr. Storm, Michael D. Robl, Maxwell W. Bowen, Robl Law Group, LLC, and Robl & Bowen, LLC from any and all past, present or future claims, potential claims, actions, causes of action, demands, damages, judgments, liabilities, obligations, liens, suits, executions, costs, and attorneys' fees of any kind whatsoever, in law or equity, whether based in tort, contract, statute, or other theory of recovery, that exist or are based upon actions, transactions, events, things, acts, or conduct that occurred or arose as of or prior to the date this Agreement is fully-executed, whether known or unknown, accrued or unaccrued, suspected or unsuspected, including, but not limited to, the claims arising out of or related in any way to the Bankruptcy. **Notwithstanding the foregoing**, Mr. Storm's obligations under this Agreement are specifically excluded from this release.

(b)    In consideration of the foregoing, Mr. Storm, on behalf of himself, as well as for his agents, predecessors, successors, attorneys and assigns, forever release, remise

and discharge the Wyatt Parties and all of the Wyatt Parties' predecessors, successors, attorneys, agents, representatives, and assigns from any and all past, present or future claims, potential claims, actions, causes of action, demands, damages, judgments, liabilities, obligations, liens, suits, executions, costs, and attorneys' fees of any kind whatsoever, in law or equity, whether based in tort, contract, statute, or other theory of recovery, that exist or are based upon actions, transactions, events, things, acts, or conduct that occurred or arose as of or prior to the date this Agreement is fully-executed, whether known or unknown, accrued or unaccrued, suspected or unsuspected, including, but not limited to, the claims arising out of or related in any way to the Bankruptcy or otherwise. **Notwithstanding the foregoing**, the Wyatt Parties' obligations under this Agreement are specifically excluded from this release.

**Section 17.    Confidentiality.** Except within the confines of any judicial proceeding, or in response to any subpoena or court order, the Parties intend that this settlement shall remain confidential. Accordingly, the Parties agree to hold the terms of this Agreement confidential and further agree not to disclose the terms of this Agreement to any person, firm or corporation who is not a party to this Agreement, except as necessary for tax reasons, in connection with the Bankruptcy or any litigation to enforce this Agreement, by compulsory process, in connection with a Party's discovery obligations in any legal, quasi-legal, or administrative proceeding, or to a Party's immediate family members, financial institutions, assigns, tax advisors, accountants, and attorneys for legitimate business purposes, provided that such persons are made aware of and agree to the confidentiality provisions of this Agreement prior to disclosure. Nothing in this paragraph shall be construed to prevent the Parties or their respective counsel from stating to others that a settlement has been reached pursuant to terms that are confidential. In the event of any request or subpoena directed to a Party which may call for information subject to this Confidentiality term, said Party shall provide the other Party reasonable notice and an opportunity to object, at their own expense.

Any activities to collect on the Consent Judgment outlined herein, subject to the terms of this Agreement or otherwise authorized by this Agreement, will not constitute a breach of this confidentiality provision.

**Section 18.    Non-Disparagement.** Each Party agrees that he, she, or it will not disparage the other Party. This paragraph does not prohibit or otherwise limit either Party from providing information or making statements about any other Party in response to a court order or subpoena, or during any federal, state, or local governmental body investigation or judicial proceeding.

**Section 19.    Non-Admission.** The Parties acknowledge that this Agreement is entered into in compromise of disputed claims and defenses. It is expressly acknowledged and agreed that nothing in this Agreement shall constitute or be construed as an admission of any issue of law, fact, or liability, or as an acknowledgement as to the validity of any potential claim asserted in or arising out of any civil action.

**Section 20.    Non-Admissibility.** This Agreement and all negotiations and correspondence leading up to its execution shall be deemed to be within the protection of Federal

Rule of Evidence 408, O.C.G.A. § 24-4-408, and any other analogous state or federal rules or principles. Neither this Agreement, nor any terms, conditions, contents, or provisions hereof, nor any negotiations leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding to enforce any of its terms.

Section 21.    **Entire Agreement.** This Agreement constitutes the full agreement of the Parties with respect to the matters hereto and supersedes all prior oral representations and statements. Each Party agrees that, in entering into this Agreement, he is not relying upon any representation or understanding not expressly set forth herein.

Section 22.    **Governing Law.** This Agreement shall be construed and enforced in accordance with the laws of the State of Georgia, without regard to Georgia's rules regarding conflicts of law.

Section 23.    **Authority.** Each Party represents and warrants that they have full authority and power to enter into and fully perform this Agreement and do so voluntarily, after conferring with their own respective legal counsel, and not under any form of duress or coercion.

Section 24.    **Counterparts.** This Agreement may be executed in two or more counterparts, including by e-signature such as through Docu-Sign or similar service, each of which shall be deemed an original, and the counterparts together shall constitute one and the same instrument.

Section 25.    **Binding Effect.** This Agreement shall be binding upon and enforceable against, and shall inure to the benefit of, the Parties hereto and their respective legal representatives, successors, and assigns.

Section 26.    **Severability.** In case any one or more of the terms or provisions contained in this Agreement will for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability will not affect any other term or provision hereof, and this Agreement will be construed as if such invalid, illegal, or unenforceable term or provision had never been contained herein.

Section 27.    **Modification.** This Agreement may be modified only in writing, executed by the Parties.

Section 28.    **Counsel.** Each Party hereto warrants and represents he has been afforded the opportunity to be represented by counsel of his choice in connection with the execution of this Agreement and has had ample opportunity to read, review, and understand the terms and provisions of this Agreement in consultation with counsel.

Section 29.    **No Construction Against Preparer.** No term or provision of this Agreement shall be construed against or interpreted to the disadvantage of any Party by any court or other governmental or judicial authority by reason of such Party's having or being deemed to have prepared or imposed such term or provision.

- 8 -

**Section 30.**    The terms and enforceability of this Agreement shall survive the dismissal or closure of the Bankruptcy and the Adversary Proceeding, contingent upon the entry of a final, non-appealable settlement approval order by the Bankruptcy Court.

**AGREED TO BY:**


**Robert Storm,**


Signature: _____
Date: _____


**John Douglas Wyatt**


Signature:_____
Date:_____


**Douglas Lee Wyatt**


Signature:_____
Date:_____


**Oconee Players Club, LLC**


By:_____
Print Name: John Douglas Wyatt
Its :  Managing Member

Date:_____

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ROBERT STORM, | ) | |
| | ) | Case No. 23-55028-LRC |
| | ) | |
| Debtor. | ) | |

---

| | | |
|---|---|---|
| JOHN DOUGLAS WYATT, DOUGLAS LEE | ) | |
| WYATT, and OCONEE PLAYERS CLUB, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | |
| | ) | 23-05221-LRC |
| ROBERT STORM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>CONSENT ORDER AND JUDGMENT</u>

The above-styled adversary proceeding was initiated by the *Complaint to Determine the*

*Dischargeability of Certain Debts Under 11 U.S.C. § 523* (the "Complaint," Doc. No. 1) filed by

1

John Douglas Wyatt ("Mr. John Wyatt"), Douglas Lee Wyatt ("Mr. Doug Wyatt") and Oconee Players Club, LLC ("OPCLLC") (collectively "Plaintiffs"), objecting to Debtor / Defendant Robert Storm' ("Defendant," together with Plaintiffs, the "Parties") the dischargeability of debts owed to Plaintiffs by Mr. Storm pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). The Parties have resolved the issues between them, as outlined in the *Confidential Settlement Agreement and Mutual Release* (the "Settlement Agreement").

**NOW THEREFORE**, Plaintiffs and Defendant having stipulated and consented hereto as represented by the signatures of each of them and their respective undersigned counsel, and good cause having been shown, it is hereby

**ORDERED** that Mr. John Wyatt shall have judgment against Defendant in the principal amount of $2,778,950, which shall only be collected in the amount of $2,362,107.50, at which time this judgment will be deemed satisfied, ***unless*** Mr. Storm does not receive a discharge pursuant to 11 U.S.C. §§ 727, 1141, or 1328 in the Bankruptcy, in which case Mr. John Wyatt shall be entitled to collect on his judgment in the full principal amount of $2,778,950 (the "John Wyatt Judgment"), which Judgment is further subject to the terms set forth herein and in the Settlement Agreement; and it is further

**ORDERED** that Mr. Doug Wyatt shall have judgment against Defendant in the principal amount of $100,000, which shall only be collected in the amount of $85,000, at which time this judgment will be deemed satisfied, ***unless*** Mr. Storm does not receive a discharge pursuant to 11 U.S.C. §§ 727, 1141, or 1328 in the Bankruptcy, in which case Mr. Doug Wyatt shall be entitled to collect on his judgment in the full principal amount of $100,000 (the "Doug Wyatt Judgment"), which judgment is further subject to the terms set forth herein and in the Settlement Agreement; and it is further

**ORDERED** that OPCLLC shall have judgment against Defendant in the principal amount of $278,850, which shall only be collected in the amount of $237,022.50, at which time this judgment will be deemed satisfied, ***unless*** Mr. Storm does not receive a discharge pursuant to 11 U.S.C. §§ 727, 1141, or 1328 in the Bankruptcy, in which case OPCLLC shall be entitled to collect on its judgment in the full principal amount of $237,022.50 (the "OPCLLC Judgment"), which judgment is further subject to the terms set forth herein and in the Settlement Agreement; and it is further

**ORDERED** that the John Wyatt Judgment, the Doug Wyatt Judgment and the OPCLLC Judgment shall be non-dischargeable debts of Defendant's pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and shall be entitled to collateral estoppel effect in this and any subsequent bankruptcy case filed by or against Defendant; and it is further

**ORDERED** that the John Wyatt Judgment, the Doug Wyatt Judgment and the OPCLLC Judgment are subject to the terms of the Settlement Agreement, as approved by the Bankruptcy Court for the Northern District of Georgia.

**FURTHERMORE**, Plaintiffs and Defendant acknowledge that they have read this Consent Order in its entirety, fully understand its content and effect, and agree to the same after having been provided an opportunity to consult with an attorney of their choosing on the terms and conditions set forth herein. There are no representations, covenants, warranties, promises, agreements, conditions, or undertakings, oral or written between the parties other than as set forth herein. The parties each acknowledge that they have not relied upon any inducements or representations on the part of another, or any agent acting on behalf of another party, in agreeing to the terms set forth in this Consent Order.

*[Signatures on the following page]*

3

**CONSENTED TO BY:**

Robert Storm                                    John Douglas Wyatt

_____                    _____

                                                Douglas Lee Wyatt

                                                _____

                                                Oconee Players Club, LLC

                                                By: _____
                                                Its:  Managing Member

*Prepared and presented by:*                    *Consented to by:*

ROBL & BOWEN, LLC                               ARMSTRONG NIX, P.C.

*/s/ Maxwell W. Bowen*                          */s/ Rosemary S. Armstrong*
Michael D. Robl                                 Rosemary S. Armstrong
Georgia Bar No. 610905                          Georgia Bar No. 663361
michael@roblgroup.com                           1050 Crown Pointe Parkway, Suite 500
Maxwell W. Bowen                                Atlanta, Georgia 303338
Georgia Bar No. 719784                          Telephone:  404 900-5157
max@roblgroup.com                               rarmstrong@armstrongnix.com
3754 Lavista Road, Suite 250                    *Counsel for Plaintiffs*
Tucker, Georgia 30084
404 373-5153 (telephone)
404 537-1761 (facsimile)
*Counsel for Debtor / Defendant*