**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

ROBERT STORM,

      Debtor.

CASE NO. 23-55028-LRC

Chapter 7

**NOTICE OF FILING**

Debtor Robert Storm ("Mr. Storm"), by and through his undersigned counsel, hereby submits this *Notice of Filing*, which includes as Exhibit "A" and Exhibit "B" the Exhibit A and B that were inadvertently omitted from the *Motion to Approve Compromise Agreement* (Doc. No. 221), which seeks approval of a settlement between Mr. Storm and Mashala Investments, LLC.

This 26th day of May, 2026.

ROBL & BOWEN LLC

*/s/ Maxwell W. Bowen*
Maxwell W. Bowen
Georgia Bar No. 719784
Michael D. Robl
Georgia Bar No. 610905

3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com (e-mail)
max@roblgroup.com (email)
*Proposed Counsel for Debtor*

1

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>ROBERT STORM,<br><br>    Debtor. | CASE NO. 23-55028-LRC<br><br>Chapter 7 |
| MASHALA INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT STORM,<br><br>    Defendant. | ADVERSARY PROCEEDING<br>NO. 23-05175-LRC |

**CONSENT ORDER AND JUDGMENT**

The above-styled adversary proceeding was initiated by the *Complaint Objecting to Dischargeability of Debt* (the "Complaint," Doc. No. 1) filed by Mashala Investments, LLC ("Mashala"), objecting to the discharge of debts alleged to be owed to Mashala by Debtor / Defendant Robert Storm ("Defendant," together with Plaintiff, the "Parties") pursuant to 11 U.S.C.

1

§§ 727(a)(4)(C) and 523(a)(2)(A), and 523(a)(4). The Parties have resolved the issues between them, as outlined in the *Confidential Settlement Agreement and Mutual Release* (the "Settlement Agreement") approved by this Court in Defendant's bankruptcy case, case no. 23-55028 (the "Bankruptcy" Doc. No. [x]).

**NOW THEREFORE**, Mashala and Defendant having stipulated and consented hereto as represented by the signatures of each of them and their respective undersigned counsel, and good cause having been shown, it is hereby

**ORDERED** that Mashala shall have a judgment against Mr. Storm in the principal amount of $845,863.40, which shall only be collected to the amount of $718,983.89, at which time this judgment will be deemed satisfied, **unless** Mr. Storm does not receive a discharge pursuant to 11 U.S.C. § 727 in the Bankruptcy, or where this case is dismissed prior to Mr. Storm receiving a discharge, in which case Mashala shall be entitled to collect on its judgment in the full principal amount of $845,863.40 (the "Judgment"), which Judgment is further subject to the terms set forth herein and in the Settlement Agreement; and it is further

**ORDERED** that Mr. Storm shall receive credit towards the balance of the Judgment for the payment of $268,078.50 Mashala received on or about May 25, 2023 from Sindre, LLC (the "Sindre Payment"), making the initial collectible balance $450,905.39; and it is further

**ORDERED** that if Mashala is required to pay any of the Sindre Payment to the Chapter 7 Trustee of BinaNat Capital, LLC ("BinaNat") as part of BinaNat's currently pending adversary proceeding against Mashala, Adversary Proceeding Case No. 25-05172-LRC, then the collectible

2

amount of the Judgment shall be increased by the amount paid by Mashala to BinaNat's Chapter 7 Trustee;[1] and it is further

**ORDERED** that the Judgment is and shall be a non-dischargeable debt of Defendant pursuant to 11 U.S.C. § 523(a)(2)(A), and shall be entitled to collateral estoppel effect in this and any subsequent bankruptcy case filed by or against Defendant; and it is further

**ORDERED** that the Judgment is subject to the terms of the Settlement Agreement, as approved by the Bankruptcy Court for the Northern District of Georgia.

**FURTHERMORE**, Mashala and Defendant acknowledge that they have read this Consent Order and Judgment in its entirety, fully understand its content and effect, and agree to the same after having been provided an opportunity to consult with an attorney of their choosing on the terms and conditions set forth herein. There are no representations, covenants, warranties, promises, agreements, conditions, or undertakings, oral or written between the parties other than as set forth herein. The parties each acknowledge that they have not relied upon any inducements or representations of another, or any agent acting on behalf of another party, in agreeing to the terms set forth in this Consent Order.

[*Signatures on the following page*]

---

[1] By way of example, if Mashala pays $100,000 to BinaNat's Chapter 7 Trustee, then Mashala shall be entitled to collect $550,905.39 = ($718,983.89 - $268,078.50 + $100,000).

3

**CONSENTED TO BY:**

Robert Storm                                    Mashala Investments, LLC


_____          _____

                                                By:
                                                Its:


*Prepared and presented by:*                    *Consented to by:*

ROBL & BOWEN, LLC                               FLYNN & GOTTLIEB, P.A.

*/s/ [to be included]*                          */s/ [to be included]*
Michael D. Robl                                 Jon A. Gottlieb
Georgia Bar No. 610905                          Georgia Bar No. 303060
Maxwell W. Bowen                                800 Johnson Ferry Road NE
Georgia Bar No. 719784                          Atlanta, Georgia 30342-1417
3754 Lavista Road, Suite 250                    (404) 497-8000 (telephone)
Tucker, Georgia 30084                           (404) 497-8009 (facsimile)
404 373-5153 (telephone)                        jong@lawfg.com
404 537-1761 (facsimile)                        *Counsel for Mashala Investments, LLC*
michael@roblgroup.com
max@roblgroup.com
*Counsel for Debtor / Defendant*

4

# EXHIBIT B

**CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Confidential Settlement Agreement and Mutual Release (the "Agreement") is entered into by and between Robert Storm ("Mr. Storm"), on the one hand, and Mashala Investments, LLC ("Mashala"), on the other hand (each a "Party" and collectively the "Parties" hereto).

**WHEREAS**, Mr. Storm is in a currently pending involuntary bankruptcy case filed against him on May 31, 2023 in the Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"), Case No. 23-55028 (the "Bankruptcy");

**WHEREAS,** prior to the Bankruptcy, Mr. Storm and Mashala entered into certain *Servicing Agreements* (the "Servicing Agreements") with BinaNat Capital, LLC ("BinaNat"), an entity owned and controlled by Mr. Storm and whose obligations under the Servicing Agreements Mr. Storm guaranteed;

**WHEREAS**, pre-petition, Mashala obtained a judgment for fraud against Mr. Storm and BinaNat in the principal amount of $845,863.40;

**WHEREAS**, in the Servicing Agreements, Mr. Storm guaranteed the repayment of amounts invested in BinaNat;

**WHEREAS**, Mashala instituted an adversary proceeding against Mr. Storm in the Bankruptcy Court, Case No. 23-05175-LRC (the "Adversary Proceeding"), bringing claims objecting to the discharge of Mr. Storm's debt owed to Mashala under the Servicing Agreement pursuant to 11 U.S.C. §§ 523(a) and 727;

**WHEREAS**, Mashala's claim brought pursuant to 11 U.S.C. § 727 was dismissed in an *Order* entered by the Bankruptcy Court on March 27, 2024 in the Adversary Proceeding, but Mashala claim brought pursuant to 11 U.S.C. § 523(a) remains pending;

**WHEREAS**, the Chapter 7 Trustee in BinaNat's currently pending Chapter 7 bankruptcy case has brought, in part, claims against Mashala through an adversary proceeding, Adversary Proceeding Case No. 25-05172-LRC, pursuant to 11 U.S.C. §§ 544, 547, and 550 and O.C.G.A. § 18-2-70 *et seq.*, seeking to recover $268,078.50 (the "Trustee Litigation");

**WHEREAS**, Mr. Storm and Mashala have agreed to resolve all claims Mashala has against Mr. Storm, including, but not limited to, those claims brought in the Adversary Proceeding and any and all other claims related to the Servicing Agreements entered into between Mr. Storm and Mashala;

**WHEREAS**, the Parties, without admitting or determining any liability, fault, wrongdoing, or responsibility whatsoever for any of the potential claims or damages related to the foregoing claims, and to avoid the uncertainties, time, and expense inherent in and associated with further litigation, desire to enter into a settlement agreement resolving all claims asserted in or related to the foregoing or otherwise as between Mr. Storm and Mashala; and

{00270991 3 }

**WHEREAS**, the prior negotiations between the Parties are encompassed within this Agreement and represent the agreement reached between the Parties to resolve the issues between them;

**NOW THEREFORE**, for good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged by each Party, the Parties agree as follows:

**Section 1.**     **Recitals.** The aforementioned recitals constitute material terms of this Settlement Agreement and are expressly incorporated herein.

**Section 2.**     **Effective Date.** The "Effective Date" of this Agreement shall be the date upon which the last of the Parties executes this Agreement.

**Section 3.**     **Bankruptcy Court Approval Required**. Within five (5) business days of delivery of an executed copy of this Agreement by Mashala, Mr. Storm shall seek approval of the Bankruptcy Court for this Agreement. In the event the Bankruptcy Court denies approval of this Agreement, this Agreement shall be null and void and of no further force or effect.

**Section 4.**     **Nondischargeable Consent Judgment.** Mr. Storm agrees to enter into a consent judgment with Mashala (the "Consent Judgment"), whereby up to $718,983.89 owed to Mashala shall not be discharged under any discharge order entered pursuant to 11 U.S.C. § 727.

**Section 5.**     **Credit for Prior Payment to Mashala**. As part of the Consent Judgment, Mr. Storm shall receive credit towards the balance of the consent judgment for the payment of $268,078.50 Mashala received on or about May 25, 2023 from Sindre, LLC (the "Sindre Payment"), making the initial collectible balance $450,905.39. If, as part of the Trustee Litigation, Mashala is required to pay any portion or all of the Sindre Payment to BinaNat's Chapter 7 trustee, then the collectible amount of the judgment shall be increased by the amount paid by Mashala;[1]

**Section 6.**     **Collection in Event of Denial of Discharge**. In the event Mr. Storm's discharge is denied or his bankruptcy case dismissed prior to Mr. Storm receiving a discharge, Mashala shall be able to immediately collect on the Consent Judgment in the principal amount of $845,863.40, subject to the terms of paragraph 5.

**Section 7.**     **Collection Activities on Consent Judgment**. Mr. Storm further agrees not to contest the domestication of the Consent Judgment, regardless of whether such domestication occurs in Florida or any other jurisdiction. Mr. Storm additionally agrees that he will not contest the issuance or recordation of writs of *fieri facias* in such jurisdictions, including Georgia, Florida, and any other jurisdiction.

*However*, Mr. Storm specifically retains the right to assert any exemptions available to him under relevant law—including tenancy by the entireties—as to the Consent Judgment. Nothing in this Agreement shall be taken as a waiver of Mr. Storm's ability to apply such exemptions in any jurisdiction where collection actions, whether through the issuance and recording of writs of *fieri*

---

[1] By way of example, if Mashala pays $100,000 to BinaNat's Chapter 7 Trustee, then Mashala shall be entitled to collect $550,905.39 = ($718,983.89 - $268,078.50 + $100,000).

*facias* or other collection action. Any term in this Agreement otherwise in conflict with this provision shall be inapplicable to Mr. Storm.

**Section 8.      Forbearance on Collection**. Mashala agrees that it will not take collection action on the Consent Judgment for 18 months from the earlier of:

  i.  Mr. Storm receiving a discharge in his bankruptcy case; or

  ii.  The Bankruptcy being dismissed.

After the end of this 18-month period, Mashala can take any and all collection actions, subject to the other terms of this Agreement. ***Provided, however***, that in the event another judgment against Mr. Storm is able to be collected before such 18-month period expires, Mashala shall immediately have the ability to take any collection actions, subject to the other terms of this Agreement. ***Provided, further***, that Mr. Storm covenants not to cause, permit, consent to or allow the transfer of any asset in the name of Mr. Storm (a) with a value greater than $2,000.00 ***and*** (b) outside the ordinary course of Mr. Storm's business (excluding any asset abandoned by the trustee in this case), during such 18-month period. In the event of a breach of this covenant, Mashala shall have the right to immediately enforce Section 6 of this Agreement as if a denial or dismissal of Mr. Storm's bankruptcy occurred, and in such event Mr. Storm shall be barred from seeking any form of debtor relief under the Bankruptcy Code (Title 11 U.S.C.) or any other law for 12 months following such breach. ***Provided, further***, that nothing herein shall bar or preclude Mashala from tracing its money or property into other assets. Mr. Storm further agrees that, in the event the real property located at 94 Rosehill Court, St. Augustine, Florida 32092, St. Johns County, Florida is listed for sale, Mr. Storm hereby agrees to provide Mashala of notice of such listing at the notice address listed in this Agreement within forty-eight (48) hours of such listing.

**Section 9.      Notice of Other Judgments**. Mashala shall be responsible for determining when another judgment is rendered against Mr. Storm, ***provided however***, Mr. Storm shall provide such information in good faith and otherwise promptly upon request made through his attorneys identified herein. In Mr. Storm's bankruptcy, several other adversary proceedings have been filed, which are:

  i.  *Bahnsen et al. v. Storm*, 23-05222-LRC;

  ii.  *Bodin et al. v. Storm*, 23-05225-LRC;

  iii.  *Cooper v. Storm*, 23-05173-LRC;

    1.  Judgment was entered in favor of Mr. Storm on March 27, 2024

  iv.  *Glean Meadow Holdings, LLC v. Storm*, 23-05166-LRC;

  v.  *Lafer Family Investments, LLC et al. v. Storm*, 24-05011-LRC;

  vi.  *Mashala Investments, LLC v. Storm*, 23-05175-LRC;

  vii.  *Schauben v. Storm*, 23-05174-LRC;

      1.  Judgment was entered in favor of Mr. Storm on March 27, 2024

    viii.  *Wyatt et al. v. Storm*, 23-05221-LRC;

    ix.  *Puskarich et al. v. Storm*, 23-05226-LRC;

In addition to these currently pending cases filed as part of the Bankruptcy, pre-petition lawsuits against Mr. Storm, which are currently stayed by the Bankruptcy, include the following cases:

    x.  *Carberry v. Sapient Blackboard LLC, et al.*, Superior Court of Fulton County, Georgia, Case No. 2022CV371685;

      1.  During the pendency of this case, Mr. Storm was added and then dropped as a defendant. This case was voluntarily dismissed without prejudice in May 2024;

    xi.  *Glen Meadow Holdings, LLC v. Storm et al.*, State Court of Fulton County, Georgia, Case No. 23EV000964;

    xii.  *Mashala Investments, LLC v. Storm et al.*, Seventh Judicial Circuit in St. Johns County, Florida, Case No. 2023043541;

    xiii.  *Orina v. Storm et al.*, Superior Court of Fulton County, Georgia, Case No. 2022CV373315;

    xiv.  *Sanders v. Storm et al.*, Superior Court of Fulton County, Georgia, Case No. 2023CV378117;

    xv.  *Svensson v. Storm et al.*, Fourth Judicial Circuit in Duval County, Florida, 2022-CA-006793;

    xvi.  *Wyatt et al. v. Storm et al.*, Superior Court of Fulton County, Georgia, 2023CV377407;

    xvii.  *Mashala Investments, LLC v. Storm et al.*, Superior Court of Fulton County, Georgia, 2022CV363021.

Mr. Storm is not currently aware of any other currently pending cases against him, but does not warrant or represent that there are not other cases pending of which he is unaware.

**Section 10.**    <u>**Asset Not Subject to Collection Efforts**</u>. Mashala agrees that it will not take collection efforts as to Mr. Storm's 2022 Chevrolet Silverado, which was included in Mr. Storm's bankruptcy schedules and was subsequently abandoned by the Chapter 7 Trustee. Mashala is not waiving any rights it has to collect against any other of Mr. Storm's assets, and Mashala is not waiving any rights it has to trace assets of Mr. Storm.

{00270991 3 }                - 4 -

**Section 11.** **Application of Restitution to Consent Judgment.** In the event that any restitution is ordered or required to be paid by Mr. Storm to Mashala, such restitution paid shall count towards the payment of the Consent Judgment outlined in this Agreement.

**Section 12.** **Application of Distributions through Bankruptcy**. Nothing in this Agreement shall be construed as limiting Mashala's right to receive distributions from Mr. Storm's bankruptcy estate. In the event that Mashala receives any distributions from Mr. Storm's bankruptcy estate, such distributions shall be credited against the balance of the Consent Judgment.

**Section 13.** **Default.** In the event that any of the Parties fail to comply with the provisions of this Agreement, such Party shall be in default. The non-defaulting party shall provide the defaulting party with a notice of default as provided in the Notices section below. Thereafter, the non-defaulting party shall have five (5) business days from the day of notice of default, in which to cure said default. Should such default not be curable (or timely cured), then the non-defaulting Party shall be permitted to enforce this Agreement under applicable law and is permitted, but not required, to seek a restraining order, injunction, damages, or other relief necessary to enforce this Agreement.

**Section 14.** **Notices.** Any notice, demand, or other communication of any kind contemplated, permitted or required to be given under or pursuant to this Agreement by one party to the other may be considered personally delivered if sent by a reputable overnight courier service, or by e-mail with a confirmation copy sent by first class United States mail, postage prepaid, to, or such other contact address as the Parties may designate from time to time in writing:

For Mashala:

Jon A. Gottlieb
Flynn & Gottlieb, P.A.
800 Johnson Ferry Road NE
Atlanta, Georgia 30342-1417
jong@lawfg.com

For Mr. Storm

Michael D. Robl
Robl & Bowen, LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
michael@roblgroup.com

Robert Storm
94 Rosehill Court
St. Augustine, Florida 32092

**Section 15.** **Releases.**

(a)     In consideration of the foregoing, Mashala, on behalf of itself, as well as for its agents, predecessors, successors, attorneys and assigns, forever release, remise and discharge Mr. Storm and all of his predecessors, successors, attorneys, agents, representatives, and assigns from any and all past, present or future claims, potential claims, actions, causes of action, demands, damages, judgments, liabilities, obligations, liens, suits, executions, costs, and attorneys' fees of any kind

whatsoever, in law or equity, whether based in tort, contract, statute, or other theory of recovery, that exist or are based upon actions, transactions, events, things, acts, or conduct that occurred or arose as of or prior to the date this Agreement is fully-executed, whether known or unknown, accrued or unaccrued, suspected or unsuspected, including, but not limited to, the claims arising out of or related in any way to the Bankruptcy. *However*, Mr. Storm's obligations under this Agreement are specifically excluded from this release.

(b)     In consideration of the foregoing, Mr. Storm, on behalf of himself, as well as for his agents, predecessors, successors, attorneys and assigns, forever release, remise and discharge Mashala and all of his predecessors, successors, attorneys, agents, representatives, and assigns from any and all past, present or future claims, potential claims, actions, causes of action, demands, damages, judgments, liabilities, obligations, liens, suits, executions, costs, and attorneys' fees of any kind whatsoever, in law or equity, whether based in tort, contract, statute, or other theory of recovery, that exist or are based upon actions, transactions, events, things, acts, or conduct that occurred or arose as of or prior to the date this Agreement is fully-executed, whether known or unknown, accrued or unaccrued, suspected or unsuspected, including, but not limited to, the claims arising out of or related in any way to the Bankruptcy or otherwise. *However*, Mashala's obligations under this Agreement are specifically excluded from this release.

**Section 16.    Confidentiality.** Except within the confines of any judicial proceeding, or in response to any subpoena or court order, the Parties intend that this settlement shall remain confidential. Accordingly, the Parties agree to hold the terms of this Agreement confidential and further agree not to disclose the terms of this Agreement to any person, firm or corporation who is not a party to this Agreement, except as necessary for tax reasons, in connection with the Bankruptcy or any litigation to enforce this Agreement, by compulsory process, in connection with a Party's discovery obligations in any legal, quasi-legal, or administrative proceeding, or to a Party's immediate family members, financial institutions, assigns, tax advisors, accountants, and attorneys for legitimate business purposes, provided that such persons are made aware of and agree to the confidentiality provisions of this Agreement prior to disclosure. Nothing in this paragraph shall be construed to prevent the Parties or their respective counsel from stating to others that a settlement has been reached pursuant to terms that are confidential. In the event of any request or subpoena directed to a Party which may call for information subject to this Confidentiality term, said Party shall provide the other Party reasonable notice and an opportunity to object, at their own expense.

Any activities to collect on the Consent Judgment outlined herein, subject to the terms of this Agreement or otherwise authorized by this Agreement, will not constitute a breach of this confidentiality provision.

**Section 17.    Non-Disparagement.** Each Party agrees that he, she, or it will not disparage the other Party. This paragraph does not prohibit or otherwise limit either Party from providing information or making statements about any other Party in response to a court order or subpoena, or during any federal, state, or local governmental body investigation or judicial proceeding. It is

agreed that informing other parties that Mashala holds a judgment against Mr. Storm and that an involuntary bankruptcy case was filed against Mr. Storm and he obtained or failed to obtain a discharge shall not be deemed disparagement.

**Section 18.**    **Non-Admission.** The Parties acknowledge that this Agreement is entered into in compromise of disputed claims and defenses. It is expressly acknowledged and agreed that nothing in this Agreement shall constitute or be construed as an admission of any issue of law, fact, or liability, or as an acknowledgement as to the validity of any potential claim asserted in or arising out of any civil action.

**Section 19.**    **Non-Admissibility.** This Agreement and all negotiations and correspondence leading up to its execution shall be deemed to be within the protection of Federal Rule of Evidence 408, O.C.G.A. § 24-4-408, and any other analogous state or federal rules or principles. Neither this Agreement, nor any terms, conditions, contents, or provisions hereof, nor any negotiations leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding to enforce any of its terms.

**Section 20.**    **Entire Agreement.** This Agreement constitutes the full agreement of the Parties with respect to the matters hereto and supersedes all prior oral representations and statements. Each Party agrees that, in entering into this Agreement, he is not relying upon any representation or understanding not expressly set forth herein.

**Section 21.**    **Governing Law.** This Agreement shall be construed and enforced in accordance with the laws of the State of Georgia, without regard to Georgia's rules regarding conflicts of law.

**Section 22.**    **Authority.** Each Party represents and warrants that he has full authority and power to enter into and fully perform this Agreement and does so voluntarily, after conferring with his own legal counsel, and not under any form of duress or coercion.

**Section 23.**    **Counterparts.** This Agreement may be executed in two or more counterparts, including by e-signature such as through Docu-Sign or similar service, each of which shall be deemed an original, and the counterparts together shall constitute one and the same instrument.

**Section 24.**    **Binding Effect.** This Agreement shall be binding upon and enforceable against, and shall inure to the benefit of, the Parties hereto and their respective legal representatives, successors, and assigns.

**Section 25.**    **Severability.** In case any one or more of the terms or provisions contained in this Agreement will for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability will not affect any other term or provision hereof, and this Agreement will be construed as if such invalid, illegal, or unenforceable term or provision had never been contained herein.

**Section 26.**   **Modification.** This Agreement may be modified only in writing, executed by the Parties.

**Section 27.**   **Counsel.** Each Party hereto warrants and represents he or it has been afforded the opportunity to be represented by counsel of his choice in connection with the execution of this Agreement and has had ample opportunity to read, review, and understand the terms and provisions of this Agreement in consultation with counsel.

**Section 28.**   **No Construction Against Preparer.** No term or provision of this Agreement shall be construed against or interpreted to the disadvantage of any Party by any court or other governmental or judicial authority by reason of such Party's having or being deemed to have prepared or imposed such term or provision.

**Section 29.**   The terms and enforceability of this Agreement shall survive the dismissal or closure of the Bankruptcy and the Adversary Proceeding, contingent upon the entry of a final, non-appealable settlement approval order by the Bankruptcy Court.

*[Signatures on following page]*

- 9 -

**AGREED TO BY:**

**Robert Storm,**                                    **Mashala Investments, LLC,**

_____              _____

Print Name:                                          By:

Date:                                                    Its:

                                                            Date:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

ROBERT STORM,

    Debtor.

CASE NO. 23-55028-LRC

Chapter 7

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this date, I have served the foregoing documents on all parties who have appeared in the above-captioned case and are registered with the Court's **CM/ECF system,** which sends an electronic link to the registrant to the foregoing pleading.

    This 26th day of May, 2026.

                        */s/ Maxwell W. Bowen*
                        Maxwell W. Bowen
                        Georgia Bar No. 719784